[This opinion has been published in *Ohio Official Reports* at 79 Ohio St.3d 1228.]

THE STATE EX REL. THE PLAIN DEALER *v*. OHIO DEPARTMENT OF INSURANCE.

[Cite as *State ex rel. The Plain Dealer v. Ohio Dept. of Ins.*, 1997-Ohio-74.]

(No. 96-2247—Submitted July 7, 1997—Decided July 16, 1997.)

IN MANDAMUS.

———————————

{¶ 1} This cause originated in this court on the filing of a complaint for a writ of mandamus.

{¶ 2} IT IS ORDERED by the court, *sua sponte*, that, within ten days of the date of this entry, respondents and intervenor shall file an *index* of records withheld, along with proper headings referring to each entry in the index.

{¶ 3} IT IS FURTHER ORDERED by the court, *sua sponte*, that within fourteen days of the date of this entry, respondents and intervenor shall file a joint brief or individual briefs indicating to what extent should any of the records withheld, as stated in the Appendix to Relator's Brief on the Merits, or any portion of said documents thereof, be afforded trade secret status as defined in either R.C. 1333.61 or former R.C. 1333.51 (repealed July 1, 1996). The brief(s) shall state the specific basis of exemption for each individual item, supported by legal authority, and each item shall be referred to by exhibit number and index reference. Respondents and intervenor shall file with their brief(s) any evidentiary materials, including affidavits, they intend to submit in support of their claimed exemptions.

{¶ 4} Within twenty-one days of the date of this entry, relators shall file their brief and any evidentiary materials indicating to what extent should any of the records withheld, or any portion of said documents thereof, be afforded trade secret status as defined in either R.C. 1333.61 or former R.C. 1333.51 (repealed July 1, 1996). The brief shall state the specific basis for disclosure of each individual item,

supported by legal authority, and each item shall be referred to by exhibit number and index reference.

{¶ 5} IT IS FURTHER ORDERED by the court, *sua sponte*, that no extensions of time to file briefs and no responsive briefs shall be permitted. Briefs shall comply with S.Ct.Prac.R. VI(1), to the extent applicable, and shall otherwise conform to the Rules of Practice.

{¶ 6} Following submission of the index, records, briefs, and supporting evidentiary materials, the court will complete its *in camera* review and determine which records, if any, are subject to disclosure.

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

DOUGLAS, J., dissents.

———————————

**DOUGLAS, J., dissenting.**

{¶ 7} I respectfully dissent. The within order (entry re trade secrets) of the majority assumes the answer to the ultimate question before the court. The question is whether documents required by the Ohio Department of Insurance to be submitted to the department for its use in connection with an examination conducted pursuant to R.C. 3901.07 are public records notwithstanding the confidential-work-papers provision of R.C. 3901.48(B). This threshold question must and should be answered before the trade-secret-protection matter (R.C. 1333.61) even becomes an issue.

{¶ 8} By issuing today's order, the majority has, if effect, answered the ultimate question without explanation. Given the importance of the confidentiality issue, as evidenced by the briefs of the *amici* Ohio Manufacturers' Association, the Ohio Chamber of Commerce, the Ohio Insurance Institute, the Association of Ohio Life Insurance Companies and the National Association of Insurance Commissioners, all filed on behalf of respondents Ohio Department of Insurance

and its Superintendent/Director Harold T. Duryee, it would seem that the majority, bypassing the real issue, has the cart before the horse. In doing so, I submit, the respondents are confronted with the dilemma of either violating R.C. 3901.48 and complying with this court's order, or complying with the statute and, in a piecemeal fashion, providing the material that might or could be covered by the court's order.

**{¶ 9}** Given the content, scope, and effect of the within order, I am left to wonder: Where are those voices which were so loudly heard on alleged liberal judicial activism regarding the school-funding case? They seem to be strangely quiet.

**{¶ 10}** I respectfully dissent.

_____